UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLEN COFFEN,

    Plaintiff,

v.

HOME DEPOT U.S.A. INC.,

    Defendant.

Case No. 16-cv-03302-PJH

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

[Reassigned Case]

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter having been reassigned to the Honorable Phyllis J. Hamilton. It is hereby ordered, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, that a Case Management Conference shall be held in this case on **October 27, 2016**, at 2:00 p.m., in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street, Oakland, California.

    **Lead counsel** shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c). **Not less than seven (7) days** before the conference, counsel shall file a joint case management statement addressing each of the items listed in the "Standing Order For All Judges of the Northern District -- Contents of Joint Case Management statement," which is attached to this order and can also be found on the court's website.  A proposed order is not necessary.  Following the conference, the court will enter its own Case Management and Pretrial Order.  If any party is proceeding without counsel, separate statements may be filed by each party.

    Each party shall appear personally or by **lead counsel** prepared to address all of the matters referred to in this Order and with authority to enter stipulations and make admissions pursuant to this Order.  Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) days before the date of the conference and must be based upon good cause.

**STANDING ORDER FOR ALL JUDGES**

**OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.   Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.   Class Actions: If a class action, a proposal for how and when the class will be certified.

10.  Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.  Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ___ Yes    ___ No

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**IT IS SO ORDERED.**

Dated: July 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge