UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN COFFEN,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A. INC.,<br><br>    Defendant. | Case No. 16-cv-03302-PJH<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 10 |

Defendant Home Depot U.S.A., Inc.'s motion to dismiss came on for hearing before this court on September 7, 2016. Plaintiff appeared through her counsel, Stephen Noel Ilg. Defendant appeared through its counsel, S. Stewart Haskins and Edmund Wang. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part, with leave to amend in part, for the following reasons, as well as those stated on the record at the hearing.

**BACKGROUND**

The facts alleged in the complaint are straightforward. Plaintiff Ellen Coffen purchased kitchen cabinets at a Home Depot store (the complaint does not say when or where). Compl. ¶ 12. An unnamed sales associate "informed Ms. Coffen that she could hire installers through Home Depot," and "stated that the installers would visit her home to measure the space and ensure that the cabinets will fit." Id. Coffen paid $12,000 for the cabinets and $3,050 for the installation. Compl. ¶ 13. The installers came and measured, but when the cabinets arrived at Coffen's home, they "did not fit the space in her kitchen." Compl. ¶ 15.

Coffen contacted Home Depot and informed them of their "error," but "they would not help coordinate the replacement." Compl. ¶ 16. Instead, Coffen was left with a kitchen "under construction for months" and had to transport the cabinets back to Home Depot herself. Compl. ¶¶ 17, 19. Coffen returned the cabinets to Home Depot, found suitable replacements, and scheduled a new installation. Compl. ¶¶ 19–20. No additional fees were charged for the second installation, but Coffen still had to "pay the cost of [the first] installation and the full cost of the cabinets." Compl. ¶ 21.

As a result of Home Depot's actions, Coffen allegedly suffered harm in the form of "months of delay," Compl. ¶ 17, which; (1) forced Coffen "to eat at restaurants because she could not cook at home," Compl. ¶ 18; (2) delayed the "next phase" of Coffen's kitchen remodel, Compl. ¶ 17; (3) led to "missed hours of work," Compl. ¶ 18; and (4) caused "an extreme amount of stress," Compl. ¶ 18. Coffen seeks to represent a nationwide class of "all persons who purchased a fixture . . . from Home Depot and also purchased measurement and installation services [during date range] provided that the fixture could not be installed." Compl. ¶ 23.

On May 13, 2016, Coffen filed a putative class action complaint against Home Depot U.S.A., Inc. ("Home Depot") in Sonoma County Superior Court. On June 15, 2016, Home Depot removed the case to federal court on the basis of the Class Action Fairness Act ("CAFA"), asserting that the putative class contained more than 100 members and alleges damages over $5 million. See Notice of Removal, Dkt. 1.

Based on these allegations, Coffen asserts ten causes of action, all but one under California law: (1) Fraud and Deceit; (2) Negligent Infliction of Emotional Distress; (3) Negligence; (4) Breach of Contract; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Breach of Express and Implied Warranty; (7) Violation of California's False Advertising Law; (8) Negligent Misrepresentation; (9) Violation of the U.S. Magnuson-Moss Warranty Act; and (10) Violation of California's Unfair Competition Law. See Compl. ¶¶ 27–113.

///

Home Depot now brings a motion to dismiss all of Coffen's claims for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Dkt. 10.

**DISCUSSION**

**A.      Legal Standard**

    **1.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

Legally conclusory statements, not supported by actual factual allegations, need not be accepted by the court. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.  In the event dismissal is warranted, it is generally without

1  prejudice, unless it is clear the complaint cannot be saved by any amendment.  See
2  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### 2. Federal Rule of Civil Procedure 9(b)

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted).  "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged 'so that they can defend against the charge and not just deny that they have done anything wrong.'"  Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (citation omitted).  In addition, the plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; he must also explain why the disputed statement was untrue or misleading at the time it was made.  Yourish v. Cal. Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999).

### B. Analysis

#### 1. The Fraud Claims (1st and 8th Causes of Action)

Particularized pleading requirements apply to Coffen's claims of fraud and negligent misrepresentation.  Under Rule 9(b), "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."  Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).  Coffen's complaint, however, nowhere states the name of the sales associate who told her that the cabinets would fit, the date that Coffen purchased the cabinets, or the particular store (out of hundreds of Home Depots in California) where the purchase was made.

Plaintiff's reliance on the Rule 9(b) exception for facts "peculiarly within the defendant's knowledge" is unavailing.  See Neubronner, 6 F.3d at 672.  There is no reason that Home Depot would have superior knowledge of the personal interaction between Coffen and the unnamed sales associate, especially when plaintiff has not even

4

provided the relevant date and location.  Plaintiff was required to provide the details of the allegedly fraudulent statement with particularity—including at least the date, location, and the reasons why the statement was false.  The allegations of fraud in the complaint do not meet the Rule 9(b) standard.

More fundamentally, the fraud claims must be dismissed for the additional reason that the allegedly fraudulent statement is not actionable as a matter of law.  The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 974 (1997).

Coffen has identified the allegedly fraudulent statement as the representation that "the installers would visit her home to measure the space and ensure that the cabinets will fit."  Compl. ¶ 12; Opp'n at 6.  "The law is well established that actionable misrepresentations must pertain to past or existing material fact."  Cansino v. Bank of Am., 224 Cal. App. 4th 1462, 1469 (2014) (emphasis added).  Here, the statement—that the installers would ensure that the cabinets will fit—was a prediction with some inherent uncertainty.  Tellingly, even the complaint itself calls the incorrect sizing an "error" by Home Depot.  Compl. ¶¶ 16, 56, 63, 72, 87, 103.  Moreover, there are no specific factual allegations supporting an intent to defraud or plausibly establishing that this statement was "false when made."  T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 879 (N.D. Cal. 2015).

When asked at the hearing if plaintiff could provide additional particularized factual details to prove an actionable misrepresentation or scienter, plaintiff's counsel indicated that he would submit to the court's ruling on this issue.  Accordingly, the court will GRANT the motion to dismiss claims 1 and 8 WITH PREJUDICE.

  **2.** **The California False Advertising Law Claim (7th Cause of Action)**

Rule 9(b) standards apply to the California False Advertising Law ("FAL") claim as well.  As pled, the FAL claim is based on the same allegedly fraudulent statement by the

5

sales associate. See Inter-Mark USA, Inc. v. Intuit, Inc., No. C-07-04178 JCS, 2008 WL 552482, at *9 (N.D. Cal. Feb. 27, 2008) ("The degree of particularity required in pleading a [FAL] claim depends on the nature of the allegations in the claim. In particular . . . where a plaintiff alleges fraud as the basis for a violation of [FAL], the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to the fraud allegations.") (citing Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1105 (9th Cir.2003)).

The FAL claim is alleged generically in the complaint, with vague references to "false and misleading messages regarding the products and services at issue in print or other advertising," Compl. ¶ 78, without ever describing the specific "messages," who they were shown to, and why they were false. In the briefing, however, plaintiff has made clear that the sales associate's statement regarding the cabinets is the "advertisement" that is the basis for the FAL claim.

Like the fraud claims, the FAL claim must be dismissed because there are no facts alleged tending to show that this "advertisement" was false when made, nor particularized allegations supporting any intent to defraud by Home Depot or the sales associate. For substantially the same reasons that the fraud claims must be dismissed, the court will GRANT the motion to dismiss claim 7 WITH PREJUDICE.

### 3. The Negligence Claims (2nd and 3rd Causes of Action)

The claims for general negligence and negligent infliction of emotional distress must be dismissed as well. Plaintiff has not established that Home Depot owed any duty to her beyond that based in the contract for cabinets and installation services.

In California, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Erlich v. Menezes, 21 Cal. 4th 543, 551 (1999) (denying emotional distress damages for contractor's negligence in building defective home). Thus, a plaintiff may recover in tort only where, for example, a breach of a contractual duty directly causes physical injury, or the contract was fraudulently induced—situations where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is

6

1   both intentional and intended to harm." Id. at 552.  A simple negligent breach of contract
2   is insufficient to state a claim in tort.  Id.
3   Here, the duties owed to Coffen by Home Depot arose solely from the contractual
4   relationship between the parties.  The complaint admits as much, describing the duty
5   owed as follows: "Plaintiff explicitly sought the services of an expert due to the special
6   skill.  Professionals have a duty to exercise ordinary skill and competence of members of
7   their profession."  Compl. ¶ 48.  This duty is not owed to the general public; it was owed
8   to Coffen solely because she contracted with Home Depot for the "expert" services.
9   Coffen has not identified a breach that "violate[s] a social policy that merits the imposition
10  of tort remedies," or any other exception to the general rule that a negligent breach of
11  contract, standing alone, does not give rise to an action in tort.  See Freeman & Mills, Inc.
12  v. Belcher Oil Co., 11 Cal. 4th 85, 106 (1995).
13  At the hearing, plaintiff's counsel indicated that he could not provide any additional
14  factual allegations to show that Home Depot owed Coffen a duty independent from the
15  contract(s) for goods and services.  As it is clear that the negligence claims cannot be
16  saved by amendment, the court will GRANT the motion to dismiss claims 2 and 3 WITH
17  PREJUDICE.

**4.     The Contract Claims (4th and 5th Causes of Action)**

19  The elements for breach of contract in California are: "(1) existence of the contract;
20  (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4)
21  damages to plaintiff as a result of the breach."  CDF Firefighters v. Maldonado, 158 Cal.
22  App. 4th 1226, 1239 (2008).  Moreover, "[e]very contract imposes upon each party a duty
23  of good faith and fair dealing in its performance and its enforcement."  Foley v. Interactive
24  Data Corp., 47 Cal. 3d 654, 683 (1988).
25  Home Depot faults the complaint for not specifying what particular "terms of the
26  alleged purchase agreement(s)" were breached, or which of its specific actions
27  constituted breach.  Nor it is clear from the complaint whether plaintiff is pursuing a
28  theory based on a written, oral, or implied-in-fact contract (or some combination thereof).

At the hearing, the plaintiff indicated that there was, in fact, a written contract between the parties here, although it was not referenced in the pleadings.

The court finds that the contract claims provide a possible legal remedy for Coffen, but they are currently pled with insufficient legal and factual detail. For example, it is not clear from the complaint what specific terms of the contract were breached, and whether Home Depot's breach was a result of a failure measure the space correctly, a failure to provide the correct cabinets, or some other deficiency. The court will therefore GRANT the motion to dismiss claims 4 and 5, but provide plaintiff with leave to amend the contractual claims.

In particular, Coffen's amended complaint should (1) attach the written contract at issue; (2) identify the specific contractual provisions allegedly breached; (3) explain how Home Depot breached the contract, (4) make clear whether the breach is based on the terms of a written, oral, or implied-in-fact contract; and (5) allege how damages resulted from the breach(es).

### 5.   The Warranty Claims (6th and 9th Causes of Action)

In California, a breach of express warranty requires allegations of "(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." T & M Solar & Air Conditioning, 83 F. Supp. 3d at 875. A breach of the implied warranty of fitness requires that "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." Frenzel v. AliphCom, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014) (citing Keith v. Buchanan, 173 Cal. App. 3d 13, 25 (Ct. App. 1985)). A breach of the implied warranty of merchantability requires that the product delivered was not fit for the "ordinary purpose for which such goods are used." Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297, 1303 (2009) (citations omitted).

Like the contract claims, the warranty claims provide a possible legal remedy for Coffen, but are currently pled with insufficient legal and factual detail.  The complaint has not made clear the specific statutory basis for the state law warranty claim, whether the warranty at issue was express or implied, nor whether the warranty at issue relates to the contract for measurement/installation services or to the contract for the cabinets themselves (the goods).

As to the legal basis, the plaintiff's theory on the state law warranty claim is difficult to follow.  While claim 6 cites to the California Code of Civil Procedure, see Compl. at 13, the court presumes that the plaintiff meant the California Civil Code.  The particular legal basis is important as California law contains multiple definitions of "express warranty." Compare Cal. Civ. Code § 1791.2(a)(1) (a "written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good . . . ."); with Cal. Com. Code § 2313 ("[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.") Without knowing which law Coffen is claiming under, it is impossible for the court to evaluate whether the express warranty allegations are sufficient or whether the warranty must be written.  See, e.g., Daniel v. Ford Motor Co., 806 F.3d 1217, 1221 (9th Cir. 2015) (asserting separate claims for breach of express warranty under Song-Beverly Act and the California Commercial Code).

The complaint also does not make clear whether Coffen's legal theory sounds in express warranty or implied warranty, and if the latter, whether the claim is for a violation of the implied warranty of fitness or the implied warranty of merchantability.  The court presumes that the warranty of fitness is being invoked, because there is no allegation that the goods here did not meet a "minimum level of quality."  See T & M Solar & Air Conditioning, 83 F. Supp. 3d at 878.  However, the court should not have to engage in guesswork to evaluate the legal and factual plausibility of the warranty claim.

9

Finally, the complaint does not make clear whether the warranty was part of the contract for installation/measurement services, or the contract for the cabinets themselves. Typically, implied warranties do not apply "where the primary objective of a transaction is to obtain services." Allied Props. v. John A. Blume & Assocs., Cal. App. 3d 848, 855 (Ct. App. 1972). Without more detail on the alleged breach, the court cannot determine whether the breach related to a problem in the installation services, the measurement services, or the goods delivered.

Accordingly, the court will GRANT the motion to dismiss claim 6, with leave to amend. At a minimum, the amended complaint should make clear: (1) the specific legal basis for the warranty claim; (2) whether the warranty at issue was an express or implied warranty; and (3) whether the warranty related to the contract for the cabinets or the contract for the measurement/installation services. Plaintiff may, of course, plead more than one legal theory in the alternative, but should provide plausible facts that support each theory.

The parties agree that Coffen's claims under the federal Magnuson-Moss Warranty Act "stand or fall with [her] express and implied warranty claims under state law." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008). Because the court grants the motion to dismiss the state law warranty claim, the court will also GRANT the motion to dismiss claim 9, with leave to amend.[1]

**6.    The California Unfair Competition Law Claim (10th Cause of Action)**

California's Unfair Competition Law ("UCL") prohibits "unfair," "unlawful," or "fraudulent" business practices. Cal. Bus. & Prof. Code. § 17200. Each of these three "prongs" of the UCL constitutes a separate and independent cause of action. See Cel-

---

[1] Defendant alternatively argues that the Magnuson-Moss Warranty Act claim should be dismissed for the independent reason that Coffen has not provided Home Depot the notice required by 15 U.S.C. § 2310(e). See Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010)). It is not clear whether the notice failure can be saved by amendment, but the court need not resolve the issue at this stage because it has granted the motion to dismiss claim 9 on other grounds.

Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

Rule 9(b) applies to plaintiff's claim under the "fraudulent practice" prong, as it relies on the same allegations of fraud based on statement of the unnamed sales associate. The "fraudulent practice" prong requires an underlying fraud "likely to deceive members of the public." Yastrab v. Apple Inc., No. 5:14-CV-01974-EJD, 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015). In this case, for the reasons explained above, plaintiff has not stated a claim for fraud because there are no particularized allegations plausibly establishing scienter or that the sales associate's statement was false when made. The court will therefore GRANT dismissal of claim 10 insofar as it is based on the "fraudulent practice" prong, WITH PREJUDICE.

The "unlawful practice" prong essentially "borrows violations of other laws" and makes them independently actionable. Cel-Tech Commc'ns, 20 Cal. 4th 163 at 180. Thus, when the "statutory claim fails, a derivative UCL claim also fails." Aleksick v. 7-Eleven, Inc., 205 Cal. App. 4th 1176, 1185 (2012) (citations omitted). Here, plaintiff's UCL claim under this prong is dependent on the FAL and federal warranty claims. Because these claims have been dismissed, with leave to amend the warranty claim, the court will also GRANT dismissal of claim 10 insofar as it is based on the "unlawful" prong, but provide plaintiff leave to amend.

Finally, to state a claim under the "unfair" prong plaintiff must show that the challenged business practice "offends an established public policy" or that "the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Wilner v. Sunset Life Ins. Co., 78 Cal. App. 4th 952, 965 (2000) (quotation omitted). "[I]n brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Id. While the court is skeptical that the practice described in the complaint is truly "unscrupulous" or "oppressive," the court finds that this aspect of claim 10 is sufficient for the pleading stage, given the vague nature of the balancing test under the "unfair" prong. Accordingly, the court will DENY the motion to dismiss claim 10, only with respect to the allegations of an "unfair" practice.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED with respect to all of Coffen's claims except the "unfair practice" prong the California UCL (claim 10). Claims 1, 2, 3, 7 and 8 (i.e., the fraud claims, the negligence claims, and the FAL claim), as well as the "fraudulent practice" prong of the UCL claim, are DISMISSED WITH PREJUDICE. The court will provide plaintiff leave to amend claims 4, 5, 6, and 9 (i.e., the contract and warranty claims), as well the "unlawful practice" prong of the UCL claim. No new claims or parties may be added without leave of court or the consent of defendant. Plaintiff's amended complaint must be filed by **October 5, 2016**. A response by Home Depot is due 21 days thereafter.

**IT IS SO ORDERED.**

Dated: September 9, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge